UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-21516-CIV-ALTONAGA/O'SULLIVAN

RUBEN DARIO QUINTERO and JESUS )
QUINTERO and all others similarly situated )
under 29 U.S.C. 216(b), )
)
          Plaintiff, )
vs. )
)
FLEMING TRUCK SALES, CORP, )
SANFER TRUCKS CORP, )
FLEMING EQUIPMENT CORP, )
LUIS F CACEDA a/k/a FERNANDO )
CACEDA, )
STEPHEN J CACEDA, )
SANDRA CACEDA, )
)
          Defendants. )
_____

## AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiffs, RUBEN DARIO QUINTERO and JESUS QUINTERO on behalf of their selves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this AMENDED Complaint[1] against Defendants, FLEMING TRUCK SALES, CORP, SANFER TRUCKS CORP, FLEMING EQUIPMENT CORP, LUIS F CACEDA a/k/a FERNANDO CACEDA, STEPHEN J CACEDA, and SANDRA CACEDA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant FLEMING TRUCK SALES, CORP, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiff Ruben Quintero and Plaintiff Jesus Quintero's

---

[1] As of the date of filing this amended complaint, no parties have been served.

**1** of **7**

respective period of employment ("the relevant time period").

4. The Defendant SANFER TRUCKS CORP is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

5. The Defendant FLEMING EQUIPMENT CORP, is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for the relevant time period.

6. Upon information and belief, it is believed that SANFER TRUCKS CORP, and FLEMING EQUIPMENT CORP, are successor entities in relation to the other joint employer FLEMING TRUCK SALES, CORP.

7. The individual Defendant LUIS F CACEDA a/k/a FERNANDO CACEDA is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

8. The individual Defendant STEPHEN J CACEDA is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

9. The individual Defendant SANDRA CACEDA is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for

the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

10. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

11. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

13. This Court has jurisdiction to continue to hear this case under the theory of successor liability pursuant to *Steinbach v. Hubbard*, 51 F.3d 843, 844 (9th Cir. Wash. 1995) (Successorship liability exists under the Fair Labor Standards Act).  As stated, upon information and belief, it is believed that SANFER TRUCKS CORP, and FLEMING EQUIPMENT CORP, are successor entities in relation to the other joint employer FLEMING TRUCK SALES, CORP.

14. It is believed that SANFER TRUCKS CORP, and FLEMING EQUIPMENT CORP, are successors of the other joint employer FLEMING TRUCK SALES, CORP, that assumed the liabilities relevant to the claim subject to this lawsuit, and upon information and belief it is continuing the business with the same employees, same equipment, and a similar or same business models geared towards the same clientele.

15. As SANFER TRUCKS CORP, and FLEMING EQUIPMENT CORP, are doing business as a successor of FLEMING TRUCK SALES, CORP, it is therefore specifically liable for the damages claimed in this lawsuit.

16. **SANFER TRUCKS CORP, and FLEMING EQUIPMENT CORP, are doing business as a "mere continuation" of its predecessor FLEMING TRUCK SALES, CORP.** The principles of equity require that the successor be held liable for the damages sought pursuant to *Steinbach v. Hubbard,* 51 F.3d 843, 844 (9th Cir. Wash. 1995)**.**

17. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

18. Plaintiff Ruben Quintero worked for Defendants as a body work mechanic and truck detailer/painter of trucks from on or about June 6, 2009 through March 5, 2014.

19. Plaintiff Jesus Quintero worked for Defendants as a body work mechanic and truck detailer/painter of trucks from on or about December 5, 2006 through on or about July 15, 2014.

20. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor

Standards Act applies to Plaintiff's work for the Defendants.

21. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

22. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2011, 2012, and 2013.

23. Upon information and belief, the Defendant Corporations' gross sales or business done is expected to exceed $500,000 for the year 2014.

24. Upon information and belief, Defendants, FLEMING TRUCK SALES, CORP, SANFER TRUCKS CORP, FLEMING EQUIPMENT CORP, were the Plaintiff's joint employers during Plaintiff's employment with the Defendant Corporations as the work performed by Plaintiff simultaneously benefited all Defendant Corporations who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same corporate officers for a common business purpose.  In addition however, as set forth above SANFER TRUCKS CORP, and FLEMING EQUIPMENT CORP, are alleged to be doing business as a successor of FLEMING TRUCK SALES, CORP, and it is therefore specifically liable for the damages claimed in this lawsuit jointly and severally with the other Defendants.

25. Individual Defendants LUIS F CACEDA a/k/a FERNANDO CACEDA, STEPHEN J CACEDA, and SANDRA CACEDA, were Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

26. Between the period of on or about June 6, 2009 through March 5, 2014, Plaintiff  Ruben

Quintero worked an average of 70 hours a week for Defendants and was paid an average of $13.85 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

27. Between the period of on or about June 6, 2009 through March 5, 2014, Plaintiff Ruben Quintero worked an average of 70 hours a week for Defendants and was paid an average of $13.85 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

28. Between the period of on or about December 5, 2006 through on or about July 15, 2014, Plaintiff Jesus Quintero worked an average of 70 hours a week for Defendants and was paid an average of $13.85 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

29. Defendants willfully and intentionally refused to pay Plaintiff Ruben Quintero's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above..

30. Defendants willfully and intentionally refused to pay Plaintiff Jesus Quintero's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether

Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff Ruben Quintero and Plaintiff Jesus Quintero requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff Ruben Quintero and Plaintiff Jesus Quintero's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
       J.H. Zidell, Esq.
    Florida Bar Number: 0010121