UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
15-21516-CIV-ALTONGA/O'SULLIVAN

RUBEN DARIO QUINTERO and JESUS
QUINTERO and all others and similarly
Situated under 29 U.S.C. 216 (b),

    Plaintiffs,

vs.

FLEMING TRUCK SALES CORP.,
SANFER TRUCKS CORP, FLEMING
EQUIPMENT CORP,
LUIS F. CACEDA a/k/a FERNANDO
CACEDA, STEPHEN J. CACEDA, SANDRA
CACEDA,

    Defendants.
_____/

### DEFENDANTS' UNOPPOSED MOTION TO EXTEND DEADLINES

Defendants, FLEMING TRUCK SALES CORP, SANFER TRUCKS CORP, FLEMING EQUIPMENT CORP, LUIS F. CACEDA a/k/a FERNANDO CACEDA, STEPHEN J. CACEDA and SANDRA CACEDA (hereinafter "Defendants"), by and through the undersigned counsel, hereby file and serve the above-referenced Motion and state the following in support thereof:

    1.    This is an FLSA case in which Defendants do not dispute that Defendant Luis F. Caceda is an FLSA employer. However, Defendants Sandra and Stephen Caceda should never have been included in this lawsuit. Plaintiffs' deposition testimony clearly established that neither Caceda's wife nor his son, both of whom are also individual Defendants, played a role in Defendant Luis Caceda's businesses which should implicate either one of them as FLSA employers. Despite

that testimony, Plaintiffs have refused to drop either of them from this lawsuit. Defendants plan on filing a motion for summary judgment seeking to dismiss them from this lawsuit based mostly on Plaintiffs' testimony. However, Defendants would also seek to obtain and rely on affidavits from Defendants Stephen and Sandra Caceda. Recent events have made that impossible to do before the deadline. The undersigned learned this week that Defendant Luis F. Caceda's mother is gravely ill and family members are flying in from other countries to prepare for the worst. Defendants seek an 11-day extension until January 25, 2016 to file a motion for summary judgment. Plaintiffs agree to the relief requested and further want a corresponding extension of the deadline to file a pretrial stipulation until January 25, 2016.

2. In *Patel v. Wargo*, 803 F. 2d 632, 638 (11th Cir. 1986), the Eleventh Circuit held in order for an officer of a corporation to be personally liable for an FLSA violation, the officer must either be involved in the day-to-day operations of the defendant employer or have some direct responsibility for the supervision of the plaintiff-employee

3. Plaintiff Jesus Quintero testified that he did not know if Defendant Stephen Caceda was an officer of Defendant and he would not see Stephen Caceda, who is a college student, at the business. (Jesus Quintero Dep. 8:9-23). He also testified that he had no knowledge as to whether Stephen Caceda had anything at all to do with his pay. (Jesus Quintero Dep. 8:24-25-9:2). Plaintiff Ruben Quintero testified that he never worked for Defendant Stephen Caceda. (Ruben Quintero Dep. 33:10-13). When asked whether Stephen Caceda ran Sanfer Trucks, Ruben Quintero testified that "[Luis] Caceda was the one who did 100 percent of things. Maybe his son's name appeared there, but he never showed up because he goes to college full-time." (Ruben Quintero Dep.76:24-25-77:1-3). He also testified that Stephen Caceda had nothing to do with his pay. (Ruben Quintero Dep. 77:4-6).

4.	Plaintiff Ruben Quintero testified that Sandra Caceda worked at Fleming but he did not know what she did; nor did she have anything to do with his pay. (Ruben Quintero Dep. 77). He also testified that he did not know what Sandra Caceda did at Sanfer Trucks because he never saw her there. (Ruben Quintero Dep. 78:8-11). Plaintiff Jesus Quintero gave similar testimony about Sandra Caceda. (Jesus Quintero Dep. 9).

5.	Whether any individual Defendant worked for Defendant Fleming Truck Sales Corp. is of no consequence since that entity declared bankruptcy and should never have been included in the instant lawsuit. That issue will be addressed in a separate pleading.

6.	Defendants had recently sought an extension of some deadlines in order to continue the deposition of Defendant Jesus Quintero, who is currently incarcerated. The second part of his deposition was conducted in December 2015. Defendants also took the additional time to seek to depose Ana Quintero, who is out on bail after being charged with a felony in connection with her theft from Defendant Luis Caceda's businesses, but was unable to serve her despite several attempts.

7.	Defendants have made numerous attempts to have Defendants Stephen and Sandra Caceda dismissed from this lawsuit without the use of this Court's scarce resources that inevitably comes with additional motion practice. The undersigned sought an agreement from Plaintiff's counsel to have those individual Defendants dismissed from this case without the Court's intervention on several occasions both verbally and through e-mail. The undersigned also sent Plaintiffs' counsel the deposition excerpts that are attached and Plaintiffs have remained silent as to why there has not been an agreement to drop these individuals from this lawsuit. The continued inclusion of Defendants Sandra and Stephen Caceda would only serve to lengthen the time needed to try this case.

8. The parties would also be amenable to trial by Magistrate. The parties had previously filed a consent to trial by Magistrate.

9. Plaintiff does not object to the relief sought in this motion.

WHEREFORE, based on the foregoing, Defendants respectfully request an extension of time up to and including January 25, 2016 in which to file a motion for summary judgment and to file a pretrial stipulation in this matter.

Respectfully submitted,

/s Gary A. Costales_
Gary A. Costales
Florida Bar No. 0948829
Law Offices of Gary A. Costales, P.A.
1200 Brickell Avenue, Suite 1440
Miami, Florida 33131
(305) 375-9510
(305) 375-9511(facsimile)
costalesgary@hotmail.com

## CERTIFICATE OF SERVICE

**I hereby certify** that on January 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Gary A. Costales

## SERVICE LIST

*RUBEN DARIO QUINTERO ET AL V. FLEMING TRUCK SALES, CORP ET AL*
CASE NO.: 15-21516-CIV-ALTONGA/O'SULLIVAN
**United States District Court, Southern District of Florida**

4

| | |
|---|---|
| J.H. Zidell, Esq.<br>E-mail: zabogado@aol.com | Gary A. Costales, Esq.<br>E-mail:costalesgary@hotmail.com |
| J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br>Attorney for Plaintiffs<br>Notice of Electronic Filing | Gary A. Costales, P.A.<br>1200 Brickell Ave. Suite 1440<br>Miami, Florida 33131<br>Telephone: (305) 375-9510<br>Facsimile: (305) 375-9511<br>Attorney for Defendants<br>Notice of Electronic Filing |

Steven Fraser, Esq.
E-mail: steven.fraser.esq@gmail.com

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167
Attorney for Plaintiffs
Notice of Electronic Filing