UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 10-CIV-21516-ALTONAGA

RUBEN DARIO QUINTERO and JESUS
QUINTERO and all others and similarly
Situated under 29 U.S.C. 216 (b),

    Plaintiffs,

vs.

FLEMING TRUCK SALES CORP.,
SANFER TRUCKS CORP, FLEMING
EQUIPMENT CORP,
LUIS F. CACEDA a/k/a FERNANDO
CACEDA, STEPHEN J. CACEDA, SANDRA
CACEDA,

    Defendants.
_____/

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendants, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L.R. 7.5 hereby files the above-referenced pleading and state the following:

1.    This is an FLSA case in which Plaintiffs claim they are owed overtime. The corporate Defendants were in the business of buying and selling trucks at one time and Plaintiffs performed mechanical work for the corporate Defendants as independent contractors. Defendants do not dispute that the corporate Defendants were run by Defendant Luis F. Caceda.

1

2.  However, Defendants Sandra and Stephen Caceda should never have been included in this lawsuit. Plaintiffs' deposition testimony clearly established that neither Caceda's wife nor his son, both of whom are also individual Defendants, played a role in Defendant Luis Caceda's businesses which should implicate either one of them as FLSA employers.

3.  In *Patel v. Wargo*, 803 F. 2d 632, 638 (11th Cir. 1986), the Eleventh Circuit held in order for an officer of a corporation to be personally liable for an FLSA violation, the officer must either be involved in the day-to-day operations of the defendant employer or have some direct responsibility for the supervision of the plaintiff-employee

4.  Plaintiff Jesus Quintero testified that he did not know if Defendant Stephen Caceda was an officer of Defendant and he would not see Stephen Caceda, who is a college student, at the business. (Jesus Quintero Dep. 8:9-23). He also testified that he had no knowledge as to whether Stephen Caceda had anything at all to do with his pay. (Jesus Quintero Dep. 8:24-25-9:2). Plaintiff Ruben Quintero testified that he never worked for Defendant Stephen Caceda. (Ruben Quintero Dep. 33:10-13). When asked whether Stephen Caceda ran Sanfer Trucks, Ruben Quintero testified that "[Luis] Caceda was the one who did 100 percent of things. Maybe his son's name appeared there, but he never showed up because he goes to college full-time." (Ruben Quintero Dep.76:24-25-77:1-3). He also testified that Stephen Caceda had nothing to do with his pay. (Ruben Quintero Dep. 77:4-6).

5.  Plaintiff Ruben Quintero testified that Sandra Caceda worked at Fleming but he did not know what she did; nor did she have anything to do with his pay. (Ruben

Quintero Dep. 77).   He also testified that he did not know what Sandra Caceda did at Sanfer Trucks because he never saw her there.  (Ruben Quintero Dep. 78:8-11).  Plaintiff Jesus Quintero gave similar testimony about Sandra Caceda. (Jesus Quintero Dep. 9).

6. Defendant Stephen Caceda has been a full-time college student and is currently 22 years old, which means he was just sixteen years old when Plaintiffs claimed that they started working for Defendant Sanfer Trucks.

7. In conclusion, it seems clear that Defendants Sandra and Stephen Caceda were carelessly included in this lawsuit and should be dismissed at this juncture.

WHEREFORE, based on the foregoing, Defendants respectfully that the Court dismiss Defendants Stephen and Sandra Caceda from this lawsuit.

Respectfully submitted,

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829
Law Offices of Gary A. Costales, P.A.
1200 Brickell Avenue, Suite 1230
Miami, Florida 33131
 (305) 375-9510
 (305) 375-9511(facsimile)
costalesgary@hotmail.com

**CERTIFICATE OF SERVICE**

**I hereby certify** that on January 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s Gary A. Costales

### SERVICE LIST
*Ruben Dario Quintero v. Fleming Truck Sales Corp et al*
CASE NO.:15-21516-CMA
**United States District Court, Southern District of Florida**

| | |
|---|---|
| J.H. Zidell Esq. | Gary A. Costales, Esq. |
| E-mail: zabogado@aol.com | E-mail:costalesgary@hotmail.com |
| | |
| J.H. Zidell, P.A. | Gary A. Costales, P.A. |
| 300 71st Street, Suite 605 | 1200 Brickell Ave. Suite 1230 |
| Miami Beach, FL 33141 | Miami, Florida 33131 |
| Telephone: (305) 865-6766 | Telephone: (305) 375-9510 Ext. 314 |
| Facsimile: (305) 865-7167 | Facsimile: (305) 375-9511 |
| Attorneys for Plaintiffs | Attorney for Defendants, |
| Notice of Electronic Filing | Notice of Electronic Filing |