UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21516-CIV-ALTONAGA/O'Sullivan

**RUBEN DARIO QUINTERO**,

 Plaintiff,
v.

**FLEMING TRUCK SALES CORP.**, *et al.*,

 Defendants.
_____/

**ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE**

**THIS CAUSE** came before the Court upon the Clerk's Default [ECF No. 85], filed April 6, 2016. Upon review of the record, it appears Defendants, Sanfer Trucks Corp.; Fleming Equipment Corp.; Stephen J. Caceda; and Sandra Caceda (collectively, "Defendants"), have failed to respond to the March 29, 2016 Order (*see* [ECF No. 81]) requiring Defendants to obtain new counsel or file a notice of intent to proceed *pro se* by April 1, 2016. Therefore it is

**ORDERED AND ADJUDGED** that Plaintiffs must file one of the following two responses by **April 13, 2016**:

(1) Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiffs shall file a *Motion for Default Final Judgment*.

The *Motion for Default Final Judgment* must include affidavits of any sum certain due by Defendants, and any other supporting documentation necessary to determine Plaintiffs' measure

---

[1] If there are multiple Defendants, Plaintiffs must state in the *Motion for Default Final Judgment* there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

of damages. The *Motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2).). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at altonaga@flsd.uscourts.gov. Plaintiffs shall send a copy of the *Motion* to Defendants' counsel or to Defendants if they do not have counsel. In the certificate of service, Plaintiffs shall indicate that notice was sent and the addresses where notice was sent.

If Defendants fail to move to set aside the Clerk's Default or respond to the Motion for Default Final Judgment within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiffs may be able to take Defendants' property or money, and/or obtain other relief against Defendants.

(2) Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiffs shall file a *Notice of Joint Liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiffs may move for the entry of default final judgment against Defendants, as described in (1) above, no later than 14 days thereafter.

*          *          *

Plaintiffs' failure to file for a *Motion for Default Final Judgment* or *Notice of Joint Liability* within the specified time will result in a **dismissal** without prejudice as to the Defendants.

**DONE AND ORDERED** in Miami, Florida, this 6th day of April, 2016.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record